SHAWN N. ANDERSON
United States Attorney
GARTH R. BACKE
Assistant United States Attorney
P.O. Box 500377
United States Courthouse, Second Floor
Saipan, MP 96950
TEL:  (670) 236-2980
FAX:  (670) 236-2985

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case 1:25-00014 |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **VENERANDO AQUIINO MARTIN,** | Hearing: May 8, 2026, at 9:00 a.m. |
| Defendant. | |

The United States has no outstanding objections to the Final Presentence Investigation Report (Final PSR), nor does the defendant.  *See* ECF No. 22-1.  The government further believes the Final PSR sufficiently captures the facts and circumstances of this case, as well as the background of the defendant, for this Court to impose an appropriate sentence under 18 U.S.C. § 3553(a).  Lastly, the government makes know it does not intend to present evidence or call any witnesses at the hearing itself.

The government, however, will address one particular issue that might arise at sentencing: restitution.  This is because the government, like the Probation Office

(*see, e.g.*, Final PSR ¶¶ 143-144), has repetedly been contacted by local attorneys inquiring whether their clients (various aliens who were intended beneficiaries of some of Defendant's EAD petitions) can seek compensation in this case. Most, if not all, claim their clients were defrauded.

But regardless of the merits of their allegations, the answer is no. "Only when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, may the restitution order include acts of related conduct for which the defendant was not convicted." *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999). In all other cases, restitution is limited to "loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* (quoting *Hughey v. United States*, 495 U.S. 411, 413 (1990)). Therefore, because Counts Two and Five of the indictment in this case do not have "scheme, conspiracy, or pattern of criminal activity" as elements of the offense, and further, because none of the alleged victims were part of the "loss caused by the specific conduct that is the basis of the offense[s] of conviction," i.e., Counts Two and Five, they are prohibited as a matter of law from receiving restitution as part of Defendant's sentence. This court, though, is obviously free to consider the information under 18 U.S.C. § 3553(a) when fashioning its sentence. *See United States v. Cervantes-Valenzuela*, 931 F.2d 27, 28-29 (9th Cir. 1991) ("[district courts] may receive and consider virtually any information concerning the background, character and conduct of a defendant"); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United

States may receive and consider for the purpose of imposing an appropriate sentence.").

Respectfully submitted April 10, 2026.

SHAWN N. ANDERSON
United States Attorney

By:    /s/ Garth R. Backe
GARTH R. BACKE
Assistant United States Attorney